UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10285-GAO

HIGHFIELDS CAPITAL I LP, HIGHFIELDS CAPITAL II LP, and
HIGHFIELDS CAPITAL III LP,

Plaintiffs,

v.

PERRIGO CO., PLC, JOSEPH PAPA, and JUDY BROWN
Defendants.

OPINION AND ORDER
March 10, 2020

O'TOOLE, S.D.J.

Plaintiffs Highfields Capital I LP, Highfields Capital II LP and Highfields Capital III LP (together, the "Highfields Plaintiffs" or "Highfields") bring this action against Perrigo Co., PLC ("Perrigo"); Joseph Papa, Perrigo's former CEO; and Judy Brown, Perrigo's former CFO (together, the "Perrigo Defendants") alleging violations of the Securities Exchange Act of 1934, Massachusetts General Laws Chapter 93A, and related state common law torts. The Highfields Plaintiffs claim that the defendants made false representations to Perrigo's shareholders, including Highfields, and engaged in other unfair and deceptive conduct in order to avoid an unsolicited takeover bid by Mylan, N.V. ("Mylan"). The Perrigo Defendants have filed a motion to transfer this action to the District of New Jersey.

## I.  Background

Mylan announced a formal tender offer to purchase Perrigo in September 2015. The plaintiffs allege that a majority of Perrigo shareholders rejected this offer on the basis of false representations made by the defendants. The misrepresentations included undervaluing Perrigo's

business, misrepresenting its historic organic growth rate, inflating profit forecasts, and falsely representing that Perrigo was in the process of soliciting bids from other interested buyers. The plaintiffs contend that Highfields Capital suffered approximately $185 million in damages because the defendants, through their misrepresentations, deprived it of the opportunity to tender its shares to a willing buyer, Mylan.

There are currently fifteen actions[1] pending against the defendants in the District of New Jersey. The cases assert a variety of claims, but all of them allege violations of federal securities statutes. The district judge and magistrate judge who are overseeing the New Jersey actions have coordinated discovery among fourteen of these actions.[2]

## II.  Discussion

The Perrigo Defendants have moved pursuant to 28 U.S.C. § 1404(a) to transfer this case to the District of New Jersey. Their primary argument is that transferring this case to New Jersey

---

[1] Roofer's Pension Fund, et al. v. Papa, et al., No. 2:16-cv-02805-MCA-LDW; Carmignac Gestion, S.A. v. Perrigo Co. plc, et al., No. 2:17-cv-10467-MCA-LDW; Manning & Napier Advisors, LLC v. Perrigo Co. plc, et al., No. 2:18-cv-00674-MCA-LDW; Pentwater Equity Opportunities Master Fund, Ltd., et al. v. Perrigo Co. plc, et al., No. 2:18-cv-01121-MCA-LDW; Mason Capital L.P., et al. v. Perrigo Co. plc, et al., No. 2:18-cv-01119-MCA-LDW; Harel Ins. Co., et al. v. Perrigo Co. plc, et al., No. 2:18-cv-02074-MCA-LDW; First Manhattan Co. v. Perrigo Co. plc, et al., No. 2:18-cv-02291-MCA-LDW; TIAA-CREF Inv. Mgmt., LLC, et al. v. Perrigo Co. plc, et al., No. 2:18-cv-08175-MCA-LDW; Nationwide Mutual Funds, et al. v. Perrigo Co. plc, et al., No. 2:18-cv-15382-MCA-LDW; Hudson Bay Master Fund Ltd., et al. v. Perrigo Co. plc, et al., No. 2:18-cv-16206-MCA-LDW; WCM Alternatives Event-Driven Fund, et al. v. Perrigo Co. plc, et al., No. 2:18-cv-16204-MCA-LDW; Schwab Capital Trust, et al. v. Perrigo Co. plc, et al., No. 2:19-cv-03973-MCA-LDW; Oz Master Fund, et al. v. Perrigo Co. plc, et al., No. 2:19-cv-04900-MCA-LDW; Aberdeen Canada Funds, et al. v. Perrigo Co. plc, et al., No. 2:19-cv-06560-MCA-LDW; and Krueger v. Alford et al, No. 2:19-cv-18652-MCA-LDW.

[2] The fifteenth case, Krueger v. Alford et al, No. 2:19-cv-18652-MCA-LDW was filed relatively recently, in October 2019.

would promote judicial efficiency because it is substantially similar, both factually and legally, to the fifteen actions that are already pending there.

Section 1404(a) permits the transfer of "any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). It "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 12 (1st Cir. 2009) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). "In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). The party seeking transfer has the burden to overcome the strong presumption in favor of the plaintiff's choice of forum. Id.

While the plaintiff's choice of forum is entitled to significant deference, there are a several factors in this case that favor transfer of the action. As a threshold matter, this case "might have been brought" in the District of New Jersey because, at the time of filing, rules regarding personal jurisdiction, subject matter jurisdiction, and venue would all have been satisfied there.[3] The

---

[3] The plaintiffs argue that this action could not have been brought in New Jersey because the Securities Uniform Standards Litigation Act ("SLUSA") may strip the transferee court of subject matter jurisdiction over Highfields' state and common law claims. Assuming that SLUSA is jurisdictional, it does not bar this Court from transferring this action to New Jersey. SLUSA does require dismissal of certain "covered" class actions that are based on state statutory or common law. See 15 U.S.C. § 78bb(f)(1); 15 U.S.C. § 78bb(f)(5)(B)(ii). However, whether this case constitutes a "covered class action" involves a *post-filing* inquiry by the transferee court. Thus, at the time of filing, the District of New Jersey would have had subject matter jurisdiction over this action, and transfer is therefore permissible. Cf. Hound Partners Offshore Fund, LP v. Valeant Pharms. Int'l, Inc., No. 18-CV-00076-DLC, 2018 WL 1940437, at *3 (S.D.N.Y. Apr. 24, 2018) (granting motion to transfer where SLUSA may require dismissal of the plaintiffs' state law claims) ("SLUSA preemption. . . occurs only as a result of a post-filing decision by a court. Because the District of New Jersey would have had subject matter jurisdiction over every claim in

pendency of fifteen actions in New Jersey against the Perrigo Defendants, all of which allege similar federal securities violations, is influential with respect to a number of the remaining factors. First, courts give significant weight to the convenience of the forum for potential witnesses. See, e.g., Vass v. Blue Diamond Growers, No. 14-CV-13610-IT, 2015 WL 2226260, at *5 (D. Mass. May 12, 2015); Riemer & Braunstein LLP v. Monroe Capital Mgmt. Advisors LLC, No. 18-CV-12401-ADB, 2019 WL 2141821, at *5–6 (D. Mass. May 16, 2019). If this case were heard in Massachusetts, witnesses on both sides of the action would likely be forced to offer similar testimony both here and in New Jersey. Transferring the action to New Jersey would alleviate this inconvenience to witnesses. Second, judicial economy and efficiency should be considered. This case arises from the same core facts as the New Jersey actions; namely, that Mr. Papa, Ms. Brown, and Perrigo made misrepresentations to Perrigo's shareholders so that they would reject Mylan's offer. Plaintiffs here and in the New Jersey actions allege that these misrepresentations constitute violations of the Securities Exchange Act. Because of these similarities, it is likely that upon transfer this case would be coordinated or consolidated with the New Jersey actions. Transfer accordingly promotes judicial economy and efficiency by preventing potentially duplicative litigation and inconsistent outcomes. The underlying purpose of §1404(a) is to "prevent the waste of 'time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary

---

the action at the time of filing, and will only lose jurisdiction over the state law claims as a result of that post-filing inquiry, a transfer to the District of New Jersey is permitted.").

inconvenience and expense.'" Van Dusen, 376 U.S. at 616 (quoting Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26–27 (1960)). For these reasons, convenience and the interests of justice are well-suited by transfer to the District of New Jersey.

For all the foregoing reasons, the defendants' motion for transfer (dkt. no. 33) is GRANTED and the action shall be transferred.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>Senior United States District Judge